# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD CLEMONS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV0035 ACL |
| | ) | |
| **TROY STEELE,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Reginald Clemons for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Respondent argues that the Petition should be dismissed because Clemons is not in custody for the charges he challenges. (Doc. 8 at 2.) Respondent further argues that the Petition is untimely, Clemons' claims are unexhausted, and Clemons' claims fail on their merits. Id. at 3-4.

Clemons is presently incarcerated at Potosi Correctional Center in Mineral Point, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of the City of St. Louis, Missouri (Case No. 911-1768B). (Doc. 1-1 at 2; Doc. 1-2 at 9-10.) On February 13, 1993, Clemons was found guilty of two counts of first degree murder; he was sentenced to consecutive terms of death on April 2, 1993. Id. Specifically, a jury found Clemons guilty of causing the deaths of two women by forcing them off a bridge into a river, which caused them to die as a result of drowning on April 5, 1991. (Doc. 1-2 at 3.) The jury also found that several aggravating factors were present in the case, including that at least one of the murders was committed while Clemons "knowingly aid[ed] or encourag[ed] two co-defendants in the perpetration or attempt to perpetrate rape." Id. at 8.

The original charging document for the murder case (Case No. 911-1768B) included additional charges for forcible rape (Counts III and IV), robbery first degree (Count V), felonious restraint (Counts VI-VIII), and assault first degree (Count IX). (Doc. 1-2 at 3-5.) Prior to the jury trial on the two counts of murder, Counts three through nine were severed. Id. at 6. Three months after Clemons was sentenced to death for the murders, the prosecutor elected to nolle prosequi (not further prosecute) Counts three through nine, which were previously been severed. Id. at 11. The document filed by the prosecutor indicated that the prosecutor elected not to proceed against Clemons on the remaining charges. Id.

Clemons is not challenging the murder convictions for which he is incarcerated at Potosi Correctional Center. Rather, he is challenging the decision of the Circuit Attorney of the City of St. Louis to not further prosecute (nolle prosequi) the companion charges (Counts III-IX) that were filed with the original murder case. Clemons alleges that he is entitled to release, because his Due Process rights were violated when he was punished on the basis of Counts I through IX that were nolle prosed (Grounds One and Two). Clemons also contends that he is entitled to a speedy trial on the charges that were nolle prosed (Ground Three).

"A district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Here, Clemons is not in custody for the non-murder counts that were nolle prosed. Rather, he is in the custody of the Potosi Correctional Center for murder convictions that he does not challenge in this Petition. As a result, the custody requirement is not met and this Court does not have jurisdiction of the Petition.

## Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Clemons has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2015.